UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MIRANDA, CDCR #P-41638,<br><br>                              Plaintiff,<br><br>vs.<br><br>R. FALCON; A. CUEVAS,<br><br>                              Defendants. | Case No. 3:21cv795-MMA-DEB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[Doc. No. 2] |

Plaintiff Javier Miranda, while incarcerated at California State Prison–Sacramento in Represa, California, and proceeding *pro se*, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 in the Eastern District of California on April 6, 2021. *See* Doc. No. 1 ("Compl."). Miranda claims two correctional officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, used excessive force against him on March 19, 2019, while he was incarcerated there. *See id.* at 2–3. He seeks $75,000 in monetary and punitive damages. *Id.* at 6.

Miranda did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

On April 21, 2021, United States Magistrate Judge Kendall J. Newman found both Defendants "are located and [Miranda's] claim arose in San Diego County[;]" therefore, he transferred the case to the Southern District of California in the interests of justice pursuant to 28 U.S.C. § 1391(b) and § 1406(a). *See* Doc. No. 4 at 1–2. Judge Newman also noted Miranda filed a Motion to Proceed IFP in the Eastern District, but he did not rule on that Motion or conduct any *sua sponte* screening of Miranda's Complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A(b) before or in conjunction with the transfer. *Id.* at 1.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Thus, prisoners seeking leave to proceed IFP must submit a "certified copy of

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Miranda filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) in the Eastern District of California, he did not attach a certified copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement Report for the 6-month period immediately preceding the filing of his Complaint.[2] *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without his certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1)

## II. Conclusion and Order

Based on the foregoing:

---

[2] The Eastern District of California's docket entries show a "text only" Clerk's Notice dated April 20, 2021 directing the CDCR to submit a certified copy of Miranda's prison trust account statements to Eastern District of California's Clerk's Office electronically. But no trust account statements were included in the docket prior to Judge Newman's transfer Order, and none have yet to be received by the Clerk of the Court for the Southern District of California.

(1) The Court **DENIES** Miranda's Motion to Proceed IFP (Doc. No. 2) and **DISMISSES** this action without prejudice for failure to prepay the $402 filing fee required by 28 U.S.C. § 1914(a).

(2) The Court **GRANTS** Miranda forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $402 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his CDCR Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2(b).

(3) The Court **DIRECTS** the Clerk of the Court to provide Miranda with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. But if Miranda neither pays the $402 filing fee in full, nor sufficiently completes and files a renewed Motion to Proceed IFP, *together with a certified copy of his 6-month trust account statements* within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.[3]

**IT IS SO ORDERED**.

DATE: April 27, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Miranda is cautioned that if he chooses to proceed and re-open this case by either prepaying the full civil filing fee or filing a properly supported renewed Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").